Waldo E. Angle v. Commissioner.
Angle v. Commissioner
Docket Nos. 12249 and 13332.
United States Tax Court
1948 Tax Ct. Memo LEXIS 213; 7 T.C.M. (CCH) 206; T.C.M. (RIA) 48057; April 15, 1948
*213 Waldo E. Angle, pro se. Stanley W. Herzfeld, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: These proceedings were brought for a redetermination of deficiencies of $132.92, $147.56, and $289.80 in income tax for the years 1943, 1944, and 1945, respectively. The primary question for decision is whether respondent erred in denying petitioner deduction of living expenses while he was away from home. A subsidiary question is also raised as to the amount of such expenses. Findings of Fact Petitioner filed his income tax returns for the years in question with the collector of internal revenue for the first district of New Jersey. On his returns for the years indicated he took deductions as expenses for board and lodging while away from home as follows: 1943
$ 624.00
1944
641.50
1945
1,260.00
Petitioner's family home for the past twelve years has been in Atlantic City, New Jersey. During the taxable years in question the property located at 4 North Sovereign Avenue was owned by his mother-in-law who died about a year ago and left it to petitioner's wife. In addition to his wife, there is a dependent niece *214 who is supported by them in the family home. The house is a twelve-room, one-family frame dwelling. Petitioner, his wife, and niece are the only occupants. Petitioner's wife is employed in Atlantic City as a school teacher. From 1935 to January, 1939, petitioner was employed in the Forestry Division of the Civilian Conservation Corps. In January, 1939, he worked in North Haledon, in Northern New Jersey, for the National Youth Administration. He later moved to Haddonfield as assistant director at the National Youth Administration Camp there. He later became a camp director. With the approach of war petitioner went to work for Cramp Shipyards in Philadelphia as a carpenter. His physical condition indicated lighter work and he obtained training in Philadelphia as a dental technician. In the early part of 1943 petitioner went to work for the North Philadelphia Dental Laboratory. After about a year and six months he left them to go with the Thompson Dental Laboratory in Bristol, Virginia. He worked there for ten or eleven months, including part of 1945. When he left them he returned to Atlantic City. In 1943, when petitioner was employed at the North Philadelphia Dental Laboratories, *215 his workday commenced at 8:00 A.M., and it was necessary for him to stay in Philadelphia for five days a week. He had rooms in boarding houses, for which he paid $5 a week for 52 weeks of the year. His three meals a day were obtained from restaurants. Petitioner went to Atlantic City on Friday nights. The same situation continued up until November, 1944, when he began employment in Bristol, Virginia. While in Bristol petitioner was not able to go to Atlantic City on weekends. The cost of petitioner's room and board was higher in Bristol. Opinion The statute here involved (Internal Revenue Code, section 23 (a)) permits taxpayers to deduct from their gross income as business expenses "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." Relying on this section and disregarding the further provisions of the Internal Revenue Code (section 24 (a) (1)) that in "computing net income no deduction shall in any case be allowed in respect of * * * Personal, living or family expenses * * *" petitioner, upon filing his tax returns for 1943, 1944, and 1945, took *216 the deductions now contested. The interpretation of these sections may have been in doubt when petitioner filed his returns, but an opinion of the Supreme Court, [1] promulgated January 2, 1946, dealing with substantially similar facts, has now finally disposed of the problem. The Supreme Court there said: "Three conditions must thus be satisfied before a traveling expense deduction may be made under § 23 (a) (1) (A): "(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. "(2) The expense must be incurred 'while away from home.' "(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade. * * *
"The facts demonstrate clearly that the expenses were not incurred in the pursuit of *217 the business of the taxpayer's employer, the railroad. Jackson was his regular home. Had his post of duty been in that city the cost of maintaining his home there and of commuting or driving to work concededly would be non-deductible living and personal expenses lacking the necessary direct relation to the prosecution of the business. The character of such expenses is unaltered by the circumstances that the taxpayer's post of duty was in Mobile, thereby increasing the costs of transportation, food and lodging. Whether he maintained one abode or two, whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same. "The added costs in issue, moreover, were as unnecessary and inappropriate to the development of the railroad's business as were his personal and living costs in Jackson. They were incurred solely as the result of the taxpayer's desire to maintain a home in Jackson while working in Mobile, a factor irrelevant to the maintenance and prosecution of the railroad's legal business. The railroad did not require him to travel on business from Jackson to Mobile or to maintain living quarters in both cities. Nor did it compel him, *218 save in one instance, to perform tasks for it in Jackson. It simply asked him to be at his principal post in Mobile as business demanded and as his personal convenience was served, allowing him to divide his business time between Mobile and Jackson as he saw fit. Except for the federal court litigation, all of the taxpayer's work in Jackson would normally have been performed in the headquarters at Mobile. The fact that he traveled frequently between the two cities and incurred extra living expenses in Mobile, while doing much of his work in Jackson, was occasioned solely by his personal propensities. The railroad gained nothing from this arrangement except the personal satisfaction of the taxpayer. "Travel expenses in pursuit of business within the meaning of § 23 (a) (1) (A) could arise only when the railroad's business forced the taxpayer to travel and to live temporarily at some place other than Mobile, thereby advancing the interests of the railroad. Business trips are to be identified in relation to business demands and the traveler's business headquarters. The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating *219 factors." This decision established the law in all cases which involve these sections and which were open for consideration. Petitioner's situation, like all others involving years which are not barred by the statute of limitations, must be determined upon the principles thus announced by the Supreme Court. Although petitioner in good faith, of which we have no doubt, adopted the view of the law most favorable to him, this is now known to have been incorrect. Even if he was otherwise advised by a representative of the collector, the same result must follow. See Anna I. Hilpert, 4 T.C. 473, 476; Agricultural Securities Corp., 39 B.T.A. 1103, 1114, affirmed (C.C.A., 9th Cir.), 116 Fed. (2d) 800, on authority of United States v. Stewart, 311 U.S. 60. For this reason, a motion to strike some of petitioner's evidence, upon which decision was reserved at the hearing, is now granted, there being thus eliminated any necessity of findings of fact as to any such advice. As in the Flowers case, we feel that petitioner's place of employment was in one city, and for reasons satisfactory to himself he resided in another city; and that the expenses *220 incurred were personal and living costs, and had no direct relation to his or his employer's business, or the development or pursuit thereof. On such a conclusion, respondent must prevail. Decisions will be entered for the respondent. Footnotes
1. Commissioner v. J. N. Flowers, 326 U.S. 465↩.